OPINION
{¶ 1} Daniel Pierce appeals from the trial court's denial of his post-sentence motion to withdraw no-contest pleas to charges of gross sexual imposition and rape of a child under age ten. *Page 2 
 {¶ 2} Pierce advances two assignments of error on appeal. First, he contends the trial court erred in not allowing him to withdraw his pleas. Second, he claims the trial court erred in ordering him to pay court costs as part of his sentence.
 {¶ 3} The record reflects that Pierce entered his no-contest pleas on August 25, 2006 pursuant to a negotiated plea deal. The agreement provided for him to receive concurrent sentences resulting in a single life term that included parole eligibility. Following a Crim. R. 11 hearing, the trial court accepted Pierce's pleas, found him guilty, and imposed the agreed sentence. Pierce subsequently appealed to this court, challenging the trial court's adverse ruling on a suppression motion. We affirmed the trial court's judgment on May 11, 2007.
 {¶ 4} On July 17, 2007, Pierce filed a pro se motion to withdraw his no-contest pleas. His entire argument in a supporting memorandum was as follows:
 {¶ 5} "There was great prosecutorial and counsel misconduct against the defendant, which is in violation of the defendant's constitutional rights under the 14th Amendment, Section #1.
 {¶ 6} "During this course of time, the defendant was under great duress and compulsion from his counsel, due to the fact that counsel would not fully advise and work with the defendant, as to what was going on. Counsel also knew that the defendant had been beaten by the police at the police department, and that also put the defendant under duress and compulsion, and by so doing, counsel for the defendant only added to that with his misconduct against the defendant.
 {¶ 7} "The defendant really didn't get to tell the court the reasoning behind *Page 3 
all this, in which the circumstances would have been different.
 {¶ 8} "Under the above R.C. [sic], the defendant should have had that constitutional right, in which was not given him.
 {¶ 9} "Under Crim. R. 32.1, the defendant is asking this Honorable Court, under his legal rights, to grant this motion for withdrawal of guilty plea."[1] (Doc. #7, citations omitted).
 {¶ 10} After the State filed its memorandum in opposition, Pierce submitted a reply in which he alleged that his plea agreement called for a "lesser" sentence than he received. Pierce reasoned that he would have received a life sentence without a plea agreement, suggesting that he obtained no benefit from it. He also argued that his Crim. R. 11 rights were not made clear to him prior to his pleas. Pierce additionally alleged ineffective assistance of appellate counsel based on his attorney raising only the suppression issue on appeal. Finally, he reiterated the claims raised in his initial memorandum about being under duress and not understanding what was happening when he entered his pleas.
 {¶ 11} The trial court overruled Pierce's motion in a thorough, nine-page decision that addressed each of his arguments. (Doc. #10). The trial court found *Page 4 
no need for a hearing on Pierce's motion and no legitimate basis for allowing him to withdraw his pleas. This timely appeal followed.
 {¶ 12} Under Crim. R. 32.1, a defendant who files a post-sentence motion to withdraw his plea bears the burden of establishing a "manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. To obtain a hearing, "a movant must establish a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice[.]" State v. Whitmore, Clark App. No. 06-CA-50,2008-Ohio-2226, ¶ 11. A manifest injustice has been defined as "a clear or openly unjust act" that involves "extraordinary circumstances."State v. Stewart, Greene App. No. 2003-CA-28, 2004-Ohio-3574, ¶ 6. We apply an abuse-of-discretion standard to a trial court's decision on a motion to withdraw a plea and its decision whether to grant a hearing.Whitmore, supra, at ¶ 38.
 {¶ 13} In his first assignment of error, Pierce, who is represented by counsel on appeal, addresses whether his pleas were entered properly and whether the trial court's denial of his request to withdraw them violated his constitutional rights. Although Pierce advances various arguments, his brief reads like an Anders filing. He candidly concedes that the allegations raised in his motion to vacate his pleas are belied by the transcript of his Crim. R. 11 hearing.
 {¶ 14} For its part, the State asserts that Pierce's motion to withdraw his no-contest *Page 5 
pleas was barred by res judicata insofar as it involved issues that were raised or could have been raised on direct appeal. Even setting aside the res judicata issue, the State insists that Pierce's arguments lack merit and that the trial court properly overruled his motion without a hearing. Upon review, we agree that the trial court properly overruled Pierce's motion. We reach this conclusion based on the merits of the motion rather than on the basis of the State's res judicata argument, which was not raised below.
 {¶ 15} During the plea hearing, Pierce expressed satisfaction with his attorney and acknowledged that he had received an opportunity to discuss the case with counsel. He indicated that he was entering the pleas voluntarily. He also indicated that he understood the nature of the charges, the effects of his pleas, the potential penalties, and the constitutional rights that he was waiving. In addition, Pierce professed an understanding that the plea agreement called for concurrent sentences resulting in a single life term. Pierce admitted that no one had promised him anything else.
 {¶ 16} On appeal, Pierce also now concedes that he benefitted from the plea agreement insofar as it eliminated the risk of receiving two consecutive life sentences on the rape charges plus two consecutive five-year sentences on the gross sexual imposition charges. As a result of the plea agreement, which provided for all sentences to be served concurrently, Pierce will be eligible for parole much sooner than he otherwise might have been. Pierce also concedes that he had few if any viable defenses to present at trial and that he would be unlikely to obtain a better result if his pleas were withdrawn. Moreover, he admits that nothing in the record supports an ineffective assistance of counsel claim. With *Page 6 
one exception, which will be discussed under Pierce's second assignment of error, he also admits there is no evidence of a manifest injustice that would justify allowing him to withdraw his pleas.
 {¶ 17} Upon review, we agree with Pierce's assessment of his motion. For the reasons set forth by the trial court and recognized by Pierce on appeal, we hold that the trial court did not abuse its discretion in overruling the motion without a hearing. The trial court correctly found that Pierce had not established a reasonable likelihood that withdrawal of his pleas was necessary to correct a manifest injustice. Accordingly, we overrule his first assignment of error.
 {¶ 18} In his second assignment of error, Pierce contends the trial court erred in ordering him to pay court costs as part of his sentence. He admits being advised during the plea hearing that he could be required to pay court costs. He also admits his understanding of that fact. He nevertheless claims the trial court erred in failing to make afinding that he understood his potential obligation to pay court costs.
 {¶ 19} A review of the record reveals that the trial court did omit the words "court costs" at the conclusion of the plea hearing. After engaging in a Crim. R. 11 dialogue with Pierce, the trial court stated:
 {¶ 20} "The Court finds that the Defendant appeared in Open Court and after being advised orally by the Court of the contents of each Plea Form that he signed his name. The Court further finds the Defendant understood those waivers. The waiver of his constitutional rights, the nature of each offense, the maximum penalties that could be imposed.
 {¶ 21} "That on [the] Gross Sexual Imposition Counts he is eligible to be *Page 7 
sentenced to Community Control Sanctions but as a result of the other Counts that will not be the Court's Sentence.
 {¶ 22} "That he was [sic] further understood that the — the maximumpossible penalties and the mandatory Sentence and that he is noteligible to be sentenced to Community Control on the two Counts of Rapeand that he may be required to pay a fine, restitution, and he will be required to be designated as an Aggravated Sexually-Oriented Offender.
 {¶ 23} "The Court further finds with regard to the No Contest Plea that the Court accepts that Plea. The Court finds that the Prosecution has proven each and every element of each offense beyond a reasonable doubt and the Court makes a finding of Guilty based upon the facts in the Indictment, the Pleas and the evidence at the Motion to Suppress." (Plea Transcript at 13-14) (emphasis added).
 {¶ 24} Because the trial court failed to make an express finding that he understood his potential obligation to pay court costs, Pierce contends we must either allow him to withdraw his pleas or remand for modification of his sentence to omit court costs.
 {¶ 25} We reject Pierce's argument for at least three reasons. First, he never raised the court-cost issue below in support of his motion to withdraw his no-contest pleas. It is axiomatic that a defendant cannot raise new grounds for withdrawing his pleas for the first time on appeal. Second, the only issue properly before us is whether the trial court should have allowed Pierce to withdraw his pleas. We previously affirmed the trial court's judgment of conviction and sentence in Pierce's direct appeal. Therefore, we have no occasion now, in the context of a plea-withdrawal motion, to remand the cause to the trial court for modification of *Page 8 
his sentence. Third, Pierce simply has not demonstrated any reversible error. Before accepting his pleas, the trial court informed Pierce of all potential penalties he faced, including an obligation to pay court costs. He admitted that he understood. Therefore, we find at least substantial compliance with the non-constitutional requirements of Crim. R. 11(C)(2)(a), which obligates a trial court to determine that a defendant understands "the maximum penalty involved." See, e.g.,State v. Brown, Montgomery App. No. 21896, 2007-Ohio-6675, ¶ 4 ("Because Crim. R. 11(C)(2)(a) and (b) involve non-constitutional rights, substantial compliance with those requirements is sufficient."). Substantial compliance exists because, on the record before us, Pierce subjectively understood the implications of his pleas with regard to court costs. State v. Nero (1990), 56 Ohio St.3d 106, 108. This remains so despite the trial court's failure to make an express "finding" that he understood. Accordingly, his second assignment of error is overruled.
 {¶ 26} The judgment of the Montgomery County Common Pleas Court is affirmed.
GRADY, J., and DONOVAN, J., concur.
[1] At various times, the parties and the trial court have referred to Pierce's pleas as guilty pleas. The record reflects, however, that he entered no-contest pleas and the trial court subsequently found him guilty. *Page 1