[Cite as *State ex rel. DeWine v. 9150 Group*, 2012-Ohio-3339.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO, ex rel. Mike DeWine,
Attorney General of Ohio

      Appellee

      v.

9150 GROUP L.P., et al.

      Appellees

      v.

EDWIN M. ROTH

      Appellant

C.A. No.      25939


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2006-07-4740


DECISION AND JOURNAL ENTRY

Dated: July 25, 2012

---

MOORE, Judge.

{¶1} Appellant, Edwin M. Roth, appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses.

I.

{¶2} In 2006, the State of Ohio brought suit alleging environmental violations against 9150 Group and members of the 9150 Group, as the owners of record of real property located in Macedonia, Ohio. These defendants ("Appellees") filed a third–party complaint for indemnification against the companies that operated at the Macedonia facility from 1988 through 2002, including Aerosol Systems ("Aerosol") and Specialty Chemical Resources, Inc. ("Specialty"). In the third party complaint, Appellees named Roth, who had served as a director

and as an officer of Aerosol and Specialty, as a third party defendant in his individual capacity. Roth, who had not resided in Ohio since 1984, did not answer the complaint and did not appear at the proceedings in this matter.

{¶3}    In 2010, the State and Appellees settled the State's claims against Appellees and entered into a consent order.  Thereafter, Appellees moved for default judgment against certain third party defendants, including Roth.  Appellees attached to their motion the affidavit of an environmental consultant, who set forth estimates pertaining to the costs of implementing the environmental actions agreed to in the 2010 consent order. The trial court granted the motion, entering judgment in the amount of $1,740,974.56 in favor of Appellees and against Roth and others.

{¶4}    Roth filed a motion to vacate the default judgment, arguing that the court lacked personal jurisdiction over Roth in his individual capacity, or, alternatively, that the default judgment should be vacated under Civ.R. 60(B) for excusable neglect in failing to answer the third party complaint.  The trial court denied Roth's motion to vacate and Civ.R. 60(B) motion without a hearing.  Roth timely filed a notice of appeal and presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY DENYING THE MOTION TO VACATE
DEFAULT JUDGMENT.

{¶5}    In his sole assignment of error, Roth argues that the trial court erred in denying his motion to vacate the default judgment rendered against him, as the trial court lacked personal jurisdiction over Roth in his individual capacity.  Alternatively, Roth argues that he made

sufficient showing of excusable neglect to establish that the default judgment should be vacated pursuant to Civ.R. 60(B).

{¶6}    A judgment rendered by a court that lacks personal jurisdiction over a defendant is void. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984).  An objection to the lack of jurisdiction over a person generally must be raised either in the defendant's answer or in a motion filed prior to the filing of an answer. *Franklin v. Franklin*, 5 Ohio App.3d 74, 75-76 (7th Dist.1981).  However, if the defendant does not appear in the action, the defense is not waived for failing to object. *Maryhew*, 11 Ohio St.3d at 156-159 (defendant had not submitted to the court's jurisdiction, where submission to jurisdiction would have waived the issue of lack of personal jurisdiction), and *Mortgage Lenders Network USA, Inc. v. Riggin*, 9th Dist. No. 22901, 2006-Ohio-3292 (trial court acquired personal jurisdiction over appellant when she made a voluntary appearance in the matter).

{¶7}    Therefore, where the defendant has not made an appearance in the matter, the defendant may challenge the judgment as void for lack of personal jurisdiction by filing a common law motion to vacate or to set aside the judgment. *Compuserve v. Trionfo*, 91 Ohio App.3d 157, 161 (10th Dist.1993).  "A party should not file a Civ.R. 60(B) motion for relief from judgment in order to have the void judgment vacated or set aside, since Civ.R. 60(B) motions apply only to judgments that are voidable rather than void." *Beachler v. Beachler*, 10th Dist. No. CA2006-03-007, 2007-Ohio-1220, ¶ 18; *see also Thomas v. Fick*, 9th Dist. No. 19595, 2000 WL 727531, *2 (June 7, 2000).  This is because "[t]he power to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from an inherent power possessed by the courts in this state." *Thomas*, quoting *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus.  Therefore, a common law motion to vacate a void judgment need not meet the

standards applicable to a Civ.R. 60(B) motion. *See Thomas*; *see also Compuserve*, 91 Ohio App.3d at 161 (insignificant that a common law motion to vacate is mistakenly styled as a Civ.R. 60(B) motion).

{¶8} In his motion to vacate for lack of personal jurisdiction, Roth argued that the trial court lacked personal jurisdiction over him in his individual capacity. "Challenges to a trial court's jurisdiction present questions of law and are reviewed by this Court de novo." (Citation and quotations omitted). *Eisel v. Austin,* 9th Dist. No. 09CA009653, 2010-Ohio-816, ¶ 8. "Once a defendant has challenged the trial court's personal jurisdiction over him or her, the plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence." (Internal citations and quotations omitted.) *ComDoc v. Advance Print Copy Ship Ctr.*, 9th Dist. No. 24212, 2009-Ohio-2998, ¶ 3.

{¶9} In determining whether a state court has personal jurisdiction over a non-resident defendant, courts engage in a two-prong analysis. *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 183 (1994). As to the first prong, we must determine if Ohio's "long-arm" statute and civil rules apply to confer personal jurisdiction. *Id.* at 184. If so, we must determine if application of personal jurisdiction "would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *Id.*

{¶10} Ohio's long-arm statute is set forth in R.C. 2307.382. This statute authorizes personal jurisdiction of Ohio courts over persons who take certain actions creating relationships with Ohio, including transacting business or causing tortious injury in this state. R.C. 2307.382(A)(1), (A)(3), and (A)(4); *see also* Civ.R. 4.3(A)(1), (A)(3), and (A)(4) (allowing service of process on nonresident defendants who transact business or cause tortious injury in

Ohio). As used in the long-arm statute and Civ.R. 4.3, "'transacting business in this state' connotes a broad statement of jurisdiction." *Joffe v. Cable Tech, Inc.*, 163 Ohio App.3d 479, 2005-Ohio-4930, ¶ 15 (10th Dist.), citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* 53 Ohio St.3d 73, 75 (1990). However, when jurisdiction over a party is based upon the long-arm statute, "only a cause of action arising from acts enumerated in th[at] section may be asserted against him." R.C. 2307.382(C).

{¶11} Here, the trial court determined that "[t]he same facts that give rise to jurisdiction over the corporations – that the parties engaged in the generation, storage and disposal of hazardous waste in violation of environmental law within Summit County, Ohio – are the same facts which justify jurisdiction over[ ]Roth as an individual." However, Roth argues that personal jurisdiction over him was precluded by the fiduciary shield doctrine. Roth contends that this doctrine prevents a court from exercising personal jurisdiction over a corporate agent, when the claims are based upon the agent's official actions. Therefore, Roth maintains that the trial court could not exercise jurisdiction over him in his individual capacity where the jurisdiction was premised upon alleged activities that Roth performed in his official capacity.

{¶12} Similar to Roth's interpretation of the fiduciary shield doctrine, the Seventh District Court has described the doctrine as preventing "the court from considering an individual's acts done in an official capacity when analyzing whether the individual is subject to personal jurisdiction in the forum state." *State ex rel. DeWine v. S & R Recycling, Inc.*, 195 Ohio App.3d 744, 2011-Ohio-3371, ¶ 27 (7th Dist.); *see also Interior Servs., Inc. v. Iverson*, 1st Dist. No. C-020501, 2003-Ohio-1187, ¶ 12 ("in determining personal jurisdiction over Iverson as an individual, we must look at his actions taken only as an individual"). However, other districts have phrased the doctrine to provide that "jurisdiction over individual officers of a partnership or

corporation cannot be based *merely on* jurisdiction over that partnership or corporation." (Emphasis added.) *Galloway v. Lorimar Motion Picture Mgmt., Inc.*, 55 Ohio App.3d 78, 83 (5th Dist.1989). *See also Balance Dynamics Corp. v. Schmitt Industries, Inc.*, 204 F.3d 683, 698, (6th Cir.2000) quoting *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir.1974). Based upon the latter phrasing of the doctrine, courts have determined that an individual's status as a director or officer of a corporation alone *does not preclude* a court's exercise of jurisdiction over the officer individually. *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir.2005), and *Balance Dynamics*, 204 F.3d at 698. Although these interpretations appear to be in conflict, the United States District Court for the Northern District of Ohio reconciled similar interpretations by determining that, "while Ohio courts recognize the fiduciary shield doctrine, they would not apply it in the [case before it] where Defendants, unlike the defendants in *Galloway,* personally involved themselves in a transaction giving rise to the cause of action, and were physically present in the state." *Walker v. Concoby*, 79 F.Supp.2d 827, 832 (N.D.Ohio 1999), citing *Heritage Funding & Leasing Co. v. Phee* 120 Ohio App.3d 422 (10th Dist.1997).

{¶13} Here, in the third party complaint, Appellees alleged that Roth, in both his individual and corporate capacities, "directed and authorized the generation, storage, and disposal of hazardous waste" at the Macedonia facility causing damages to Appellees. Thus, the pleadings set forth that Roth transacted business in Ohio and directed activities that caused a tortious injury in Ohio, and that the Appellees' claims against Roth arose from these actions. *See* R.C. 2307.382. However, in his affidavit in support of his motion to vacate judgment, Roth disputed that he, in any capacity, directed or authorized the generation, storage, and disposal of hazardous waste at the Macedonia facility. Therefore, Roth's affidavit directly disputes the operative facts upon which Appellees alleged personal jurisdiction over him. Appellees contend

that this factual dispute must be resolved in their favor and that they needed to make only a prima facie showing of personal jurisdiction. In support, Appellees cite the Tenth District's opinion in *Joffe*, 163 Ohio App.3d 479, 2008-Ohio-4930.

{¶14} In *Joffe*, the court held that, when a trial court makes a finding as to personal jurisdiction without holding an evidentiary hearing, the court must "view allegations in the pleadings and the documentary evidence in a light most favorable" to the plaintiff and construe "all reasonable competing inferences" in the plaintiff's favor. *Id.* at ¶ 10. Under these circumstances, the court held that a plaintiff's prima facie demonstration of personal jurisdiction will defeat a motion to dismiss for lack of personal jurisdiction. *Id.* In support, the Tenth District cited *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236, *Giachetti v. Holmes*, 14 Ohio App.3d 306, 307 (8th Dist.1984), and *Robinson v. Koch Refining Co.*, 10th Dist. No. 98AP900, 1999 WL 394512 (June 17, 1999). However, *Joffe* and each of these cases cited in support pertained to situations where the trial court ruled on personal jurisdiction in the context of pretrial motions to dismiss pursuant to Civ.R. 12(B)(2). *See Joffe* at ¶ 7, *Goldstein*, 70 Ohio St.3d at 236, *Giachetti*, 14 Ohio App.3d at 307, and *Robinson*, at *2; *see also Herbruck v. LaJolla Capital*, 9th Dist. No. 19586, 2000 WL 1420282, *2 (Sept. 27, 2000) (inferences construed in plaintiff's favor when reviewing motion to dismiss for lack of personal jurisdiction). Appellees have directed us to no support for their position that these standards should be utilized in regard to a common law motion to vacate default judgment.

{¶15} In the context of motions to dismiss under Civ.R. 12(B)(2) for lack of personal jurisdiction, courts have noted that the personal jurisdiction determination involves a seemingly "lopsided standard" in favor of the plaintiff. *Copeland Corp. v. Choice Fabricators*, Inc., 492 F.Supp.2d 783,786 (S.D.Ohio 2005). However, courts have justified these standards by noting

that any other rule would allow for pretrial dismissal of claims based merely on a defendant presenting an affidavit refuting the allegations of personal jurisdiction. *Serras v. First Tennessee Bank Natl. Assn.*, 875 F.2d 1212, 1214 (6th Cir.1989)*, Barile v. University of Virginia*, 2 Ohio App.3d 233, 234 (8th Dist.1981), fn. 2. In such a situation, the defendant could invoke the trial court's power to conduct an evidentiary hearing, at which the plaintiff would be required to demonstrate personal jurisdiction by a preponderance of the evidence. *See Serras* 875 F.2d at 1214; *see also* Civ.R. 12(D). However, even where the trial court decides personal jurisdiction absent an evidentiary hearing, the plaintiff continues to bear "the burden of proving, in its case-in-chief at trial, existence of facts upon which jurisdiction is based by a preponderance of evidence." *Id.* Therefore, the defendant is not prejudiced by the lower threshold standard for determination of personal jurisdiction because this preliminary determination is not dispositive of the issue. *Id.*

{¶16} However, if we were to adopt these pretrial standards in the context of a motion to vacate decided absent hearing, the plaintiff would be relieved of producing evidence establishing personal jurisdiction by a preponderance of the evidence, as final judgment has already been entered. We thus are disinclined to adopt the standards applicable to a Civ.R. 12(B)(2) motion in the present context. Therefore, Appellees bear the burden of proving personal jurisdiction over Roth by a preponderance of the evidence. *ComDoc v. Advance Print Copy Ship Ctr.*, 9th Dist. No. 24212, 2009-Ohio-2998, ¶ 3 (when properly challenged, a plaintiff must demonstrate personal jurisdiction over the defendant by a preponderance of the evidence).

{¶17} In his affidavit, Roth denied that he in any capacity generated, stored, or disposed of hazardous waste, the act upon which Appellees relied to demonstrate personal jurisdiction under the long-arm statute. The Appellees responded by relying on the allegations in their

complaint, and thus we cannot determine the basis upon which the trial court determined that application of Ohio's long-arm statute over Roth was appropriate.

{¶18} Further, the Appellees bear the burden of proving that personal jurisdiction over Roth comported with due process. To comport with due process requirements, a defendant must "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940). This due process requirement may be satisfied where the forum state has either specific or general jurisdiction over a nonresident. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984), fns. 8 and 9.

{¶19} Three requirements must be met to establish specific jurisdiction. "First, defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Mach. Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968). *See also In re Blue Flame Energy Corp.*, 171 Ohio App.3d 514, 2006-Ohio-6892, ¶ 18 (10th Dist.2006). The first two of these requirements establishes a defendant's "minimum contacts" with the forum. The last of these requires the court to determine if exercise of jurisdiction over the defendant comports with the ideas of "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). "So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction." *Burger King*, 471 U.S. at 475, fn. 18.

{¶20} Here, Roth does not deny that he served as director and officer of Aerosol and Specialty. Aerosol and Specialty operated from the Macedonia facility during the times at issue. The Macedonia facility is located in Ohio, and thus Roth purposely availed himself of the privilege of acting in Ohio. *See Burger King* at 472. Further, Roth does not dispute that 9150 Group's cause of action arises from the activities of Aerosol and Specialty, for which he served as director and officer. However, Roth contends that he did not personally oversee or direct the disposal of hazardous waste, and thus was not personally involved in the actions giving rise to the dispute. In support, Roth averred in his affidavit that another corporate officer of Aerosol and Specialty oversaw and directed the disposal of hazardous waste.

{¶21} With respect to corporate agents, "[w]here an out-of-state agent is actively and personally involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; i.e., whether she purposefully availed herself of the forum and the reasonably foreseeable consequences of that availment." *Blue Flame* at ¶ 31, quoting *Balance Dynamics Corp.* at 698. In *Blue Flame*, the Tenth District concluded that a corporate officer purposefully availed himself of Ohio when he "signed the Form Ds and filed them in Ohio." *Id.* at ¶ 31. In that case, representations made on the Form Ds gave rise to the complaint. *Id.* at ¶ 3-4.

{¶22} Here, aside from Appellees' allegation that Roth "individually" directed the disposal of hazardous waste in contravention of environmental laws, nothing in the record indicates that Roth *personally* engaged in tortious activity. Therefore, absent construction of the allegations in the complaint in favor of Appellees, we cannot discern from the record whether Roth was personally involved in the dumping of hazardous waste, from which this action arises,

as Roth's affidavit specifically denies that he was personally involved in the disposal of the waste at the facility.

{¶23} However, Appellees further argued that Roth had "essentially conceded that he has the requisite 'minimum contacts' with Ohio to be subject to jurisdiction here" by appearing in litigation in other Ohio suits brought by 9150 Group against Roth in his individual capacity for actions he had taken in regard to Aerosol and Specialty. However, the present dispute does not "arise from" Roth's appearances in other suits. Further, we note that each of these suits included claims to "pierce the corporate veil" and hold Roth personally liable for the actions of Aerosol and Specialty. Pursuant to the "corporate shield" doctrine, shareholders are not liable for the actions of the corporation. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 287 (1993). However, an exception exists where litigants may "pierce the corporate veil" and hold individual shareholders liable when the following three conditions are present:

> (1) [C]ontrol over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the [Appellees] from such control and wrong.

{¶24} *Id.* at 289. The first prong of the *Belvedere* test is known as the "alter ego doctrine," which requires a demonstration that the individual and the corporation are fundamentally indistinguishable. *See Willoway Nurseries v. Curdes*, 9th Dist. No. 98CA007109, 1999 WL 820784, *4 (Oct. 13, 1999); *Belvedere*, 67 Ohio St.3d at 288. Although the alter ego doctrine pertains to liability, pleading allegations giving rise to piercing the corporate veil is "periodically used as a vehicle to obtain personal jurisdiction over an officer of a corporation that cannot otherwise be reached in a certain state." *State ex rel. DeWine v. S & R Recycling, Inc.*,

195 Ohio App.3d 744, 2011-Ohio-3371, ¶ 27 (7th Dist.). Unlike the prior lawsuits which Roth has defended in Ohio, in the present case, nowhere in the complaint did Appellees allege that Roth was the alter ego of Aerosol or Specialty.

{¶25} Based upon the foregoing, we cannot discern from the record evidence demonstrating specific jurisdiction over Roth in his individual capacity. Roth's affidavit sets forth averments that he was not personally involved in the actions giving rise to the complaint. These averments are directly contrary to Appellees' allegations that Roth directed the disposal of hazardous waste. However, there exists no evidence in the record to support Appellees' allegations of Roth's personal involvement in the disposal of hazardous waste.

{¶26} As to general jurisdiction, a defendant who maintains "continuous and systematic" contacts with the forum state may be subject to its jurisdiction, even where the conduct complained of did not arise from the continuous and systematic contacts. *Helicopteros* at 415, *International Shoe*, 326 U.S. at 318. *See also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). However, here, Appellees have directed us to no contacts that Roth had with Ohio which were both "continuous and systematic." *See Helicopteros* at 415.

{¶27} Based upon the foregoing, the conflicting assertions in the complaint and in Roth's affidavit concerning his involvement in the disposal of hazardous waste at the Macedonia facility should have been resolved by an evidentiary hearing. *See Compuserve Inc. v. Trionfo*, 91 Ohio App.3d 157, 165 (10th Dist.1993) (concluding that the trial court erred in failing to hold an evidentiary hearing to resolve conflict in pleadings pertaining to personal jurisdiction over a corporate agent and remanding for a hearing on this issue). Therefore, we remand this issue to the trial court to conduct a hearing on the issue of personal jurisdiction over Roth in his

individual capacity. Further, based upon our remand, we decline to address Roth's argument pertaining to excusable neglect pursuant to Civ.R. 60(B), as it is not ripe for review.

III.

Roth's assignment of error is sustained to the extent that it challenges the trial court's determination of personal jurisdiction. The judgment of trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed and<br>cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DAVID W. MELLOT and E. MARK YOUNG, Attorneys at Law, for Appellant.

ROBERT J. KARL and R. BENJAMIN FRANZ, Attorneys at Law, for Appellees.

BRIAN A. BALL, Assistant Attorney General, for Appellee.