OPINION
{¶ 1} Defendant-appellant, Willard Skirvin, appeals a decision of the Butler County Court of Common Pleas entering a $48,300 judgment in favor of plaintiff-appellee, West Shell Commercial Inc. ("West Shell"), and against appellant and his two companies jointly and severally.
 {¶ 2} In 2005, appellant and his wife were equal owners of two companies, NWS, LLC ("NWS") and Sutton Liquidation Company fka CHS Fluid Power, Inc. ("CHS"). NWS was the owner of a building located at 9431 Sutton Place in West Chester, Ohio (the "property"). Appellant and his wife operated CHS out of the property. It is undisputed that NWS, and not CHS, owned the property.
 {¶ 3} On June 2, 2005, West Shell, a real estate broker, and appellant entered into a contract which gave West Shell the exclusive right to list and sell the property. The contract also entitled West Shell to a commission of six percent of the sale or exchange price of the property until December 1, 2005. West Shell presented two offers to appellant. Around the same time, appellant contracted to sell the property to a third party outside of the contract. On August 16, 2005, appellant terminated the contract with West Shell. The property was eventually sold to the third party; West Shell was not paid the commission owed to it under the contract upon completion of the sale. Following appellant's termination of the contract, West Shell filed a complaint to enforce a broker's lien on the property it had recorded, and for breach of contract, detrimental reliance, and fraud. Appellant moved for summary judgment and West Shell moved for partial summary judgment.
 {¶ 4} On May 30, 2006, the trial court granted summary judgment in favor of West Shell and against NSW, CHS, and appellant. The trial court noted that the contract (1) granted West Shell the "sole and exclusive right to sell or exchange" the property, and (2) clearly stated that appellant "ha[d] the legal right to sell or exchange the Real Estate" and "ha[d] the authority and capacity to enter into this Contract." The trial court found that "the Contract is the complete embodiment of the parties' intentions. Any contention that Defendant Skirvin was not authorized to sign the Contract or that certain buyers were except [sic] from the Contract is contradictory to the plain language of the Contract itself." The trial court then entered a $48,300 judgment in favor of West Shell and against NWS and appellant jointly and severally. This appeal follows.
 {¶ 5} In a single assignment of error, appellant argues that the trial court erred when it determined that appellant was personally liable under the contract with West Shell. Appellant does not appeal the grant of summary judgment in favor of West Shell, nor does he appeal the trial court's decision to enter the $48,300 judgment against NWS jointly and severally with appellant.
 {¶ 6} "[W]here an agent signs a negotiable instrument by affixing thereto his own signature, without adding the name of the principal for whom he acts, the agent so signing is himself personally bound on such instrument[.] * * * But where a promissory note is signed by the proper officer of a corporation in the corporation name, and underneath the corporate name he signs his own name, affixing thereto his appropriate official title as an officer of said corporation, in the absence of anything in the body of the instrument requiring a different construction, such note will be construed and held to be the note of the corporation only, and not the note of the officer so signing, or the joint note of such officer and the corporation." Aungst v. Creque
(1905), 72 Ohio St. 551, 553-554.
 {¶ 7} "Whether or not a bill or note has been executed by a party in his individual or representative capacity is in each particular case a question to be determined from a consideration of the whole instrument." Id. at 555.
 {¶ 8} Thus, "when an agent signs a contract as an individual without adding the name of the principal, the agent is personally bound by the contract. Similarly, a corporate officer is responsible for clearly identifying the corporation for which the officer is signing, or the officer is exposed to individual liability." The Big H, Inc. v.Watson, Hamilton App. No. C-050424, 2006-Ohio-4031, ¶ 7. See, also,Love v. Newmark (Jan. 21, 1981), Butler App. No. CA79-03-025 (an officer of a corporation is not personally liable on contracts for which his corporate principal is liable unless he intentionally or inadvertently binds himself as an individual).
 {¶ 9} In the case at bar, appellant signed the contract with West Shell as follows: on the first line, "C.H.S. Fluid Power, Inc." was handwritten in capital letters; the next line had "Willard L. Skirvin President" handwritten in capital letters below it; below that, "CHS Fluid Power, Inc." was once again handwritten in capital letters; finally, underneath, appellant signed his name.
 {¶ 10} Upon reviewing the contract as a whole, we find that it bound appellant personally and thus, the trial court did not err by entering the judgment against appellant jointly and severally. It is undisputed that appellant was the president of CHS. However, NWS, and not CHS, owned the property. Because CHS did not own the property, appellant could not sign the contract to sell the property on behalf of and/or as the agent of CHS. By failing to clearly identify the corporation that actually owned the property (either intentionally or inadvertently), appellant exposed himself to individual liability. See Aungst; The BigH, Inc; Love. Appellant asserts, however, that "it is clear he signed on behalf of [CHS] as agent for NWS, LLC, owner of the real property[.]" There is absolutely nothing in the record or in the contract to support appellant's assertion that CHS was an agent for NWS. We therefore find that appellant signed the contract in his individual capacity, and not in a representative capacity.
 {¶ 11} The assignment of error is overruled.
 {¶ 12} Judgment affirmed.
WALSH, P.J. and BRESSLER, J., concur.