[Cite as *Nationstar Mtge., L.L.C. v. Groves*, 2017-Ohio-887.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-P-0029** |
| TOMMY J. GROVES, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2014 CV 00247.

Judgment: Affirmed.

*John B. Kopf* and *Michael L. Dillard, Jr.*, Thompson Hine LLP, 41 South High Street, Suite 1700, Columbus, OH 43215-6101 (For Plaintiff-Appellee).

*Sam Thomas, III*, Sam Thomas, III and Associates, LLC, 1510 East 191st Street, Euclid, OH 44117 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Tommy J. Groves, appeals from the April 19, 2016 judgment of the Portage County Court of Common Pleas, denying his Civ.R. 60(B) motion. For the reasons that follow, the trial court's judgment is affirmed.

{¶2} On March 25, 2014, appellee, Nationstar Mortgage LLC initiated the underlying foreclosure action naming appellant, among others, as a defendant. Appellant filed an answer on April 25, 2014.

**{¶3}** Appellee filed a motion for summary judgment on January 27, 2015. Appellant filed a motion to stay summary judgment proceedings or for an extension of time to file a brief in opposition; the trial court granted an extension until March 13, 2015. No brief in opposition to the motion for summary judgment was ever filed. On May 7, 2015, the trial court issued a judgment entry, granting appellee's motion for summary judgment and issuing a decree of foreclosure. The judgment contained Civ.R. 54(B) language, stating: "There is no just reason for delay in entering Judgment as aforesaid." Appellant did not appeal this judgment within 30 days of its entry.

**{¶4}** On December 11, 2015, the court ordered the sale of the property. It was appraised and scheduled to be sold at a sheriff's sale on March 7, 2016. Appellant filed an emergency motion to stay execution of judgment of the decree of foreclosure, order of sale, and sheriff's sale, which the trial court overruled.

**{¶5}** The property was sold, and on March 28, 2016, the trial court ordered the confirmation of sale and distribution of proceeds. Appellant did not appeal this judgment. On March 30, 2016, appellant filed another emergency motion to stay execution of the decree of foreclosure and of the sheriff's sale that had occurred on March 7, 2016. Appellee filed a brief in opposition, but it appears the trial court did not rule on the motion.

**{¶6}** Also on March 30, 2016, appellant filed a Civ.R. 60(B) motion to set aside the order of summary judgment, the decree of foreclosure, and the confirmation of sale. In his Civ.R. 60(B) motion, appellant argued the affidavit submitted by appellee in its summary judgment motion was insufficient to establish there was no issue of material fact; the affidavit should not have been considered because it did not meet the

2

requirements of Civ.R. 56(E); appellee failed to establish it was the real party in interest and had standing; and appellee failed to submit any specific evidence of damages. Appellee's brief in opposition argued appellant's motion failed to meet the requirements of Civ.R. 60(B). On April 19, 2016, the trial court denied appellant's motion, stating it was untimely filed.

{¶7} On May 10, 2016, appellant filed a timely notice of appeal from the trial court's April 19, 2016 judgment. In the trial court, appellant filed another motion to stay execution of the decree of foreclosure, decree of confirmation of sale, and the order denying his Civ.R. 60(B) motion, pending appeal. The trial court denied appellant's motion to stay on May 16, 2016. Appellant did not seek a stay or post any type of bond in this court.

{¶8} The trial court issued a writ of possession to the purchaser of the property, which was delivered on May 24, 2016.

{¶9} On July 26, 2016, appellee filed a motion to dismiss the appeal, which this court overruled.

{¶10} Appellant asserts two assignments of error on appeal:

[1.] The trial court erred to the prejudice of the Appellant by entering judgment in favor of the Appellee and denying the Motion to Set Aside as the Appellee failed to proffer competent, credible evidence to properly and sufficiently establish standing and that it was the real party in interest.

[2.] The trial court erred to the prejudice of Appellant by granting the Appellee's Motion for Summary Judgment despite genuine issues of material fact regarding the Appellee's failure to provide sufficient evidence of entitlement to foreclosure and/or damages.

{¶11} We address appellant's assignments of error together. Under his first assignment of error, appellant argues the trial court erred in denying his Civ.R. 60(B)

3

motion because the trial court's May 7, 2015 judgment granting summary judgment is void ab initio. Appellant maintains the trial court did not have subject-matter jurisdiction over the action because appellee lacked standing at the time of filing. In his second assignment of error, appellant argues the trial court erred in denying his Civ.R. 60(B) motion because appellee failed to meet its burden under Civ.R. 56 of establishing there was no genuine issue of material fact. Appellee argues in response that appellant improperly used his Civ.R. 60(B) motion as a substitute for a direct appeal of the trial court's May 7, 2015 judgment.

{¶12} The decision of whether to grant relief under Civ.R. 60(B) is entrusted to the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). Accordingly, we review the trial court's decision to grant or deny a Civ.R. 60(B) motion for an abuse of discretion. *Id.* An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶13} To prevail on a Civ.R. 60(B) motion, a movant must satisfy the three-prong test set out in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976). Appellant must demonstrate (1) he has a meritorious claim or defense to raise if relief is granted; (2) he is entitled to relief under one of the subsections of Civ.R. 60(B); and (3) the motion is made within a reasonable time and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), the motion is made not more than one year after the judgment was entered. *Id.* at paragraph two of the syllabus. Appellant claims he is entitled to relief under Civ.R. 60(B)(4) and (5), which provide: "(4) the judgment has

4

been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment."

{¶14} "In a foreclosure action, the decree of foreclosure and the order confirming sale are separate and distinct actions, both of which constitute final appealable orders once entered." *Emerson Tool, LLC v. Emerson Family Ltd. Partnership*, 9th Dist. Summit No. 24673, 2009-Ohio-6617, ¶13 (citations omitted). App.R. 4(B)(5) provides:

> If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B), a party *may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims.* Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B). [Emphasis added.]

{¶15} "[W]here there are multiple claims and/or parties involved, an entry entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that 'there is no just reason for delay[.]'" *W. Res. Port Auth. v. Range Resources-Appalachia, LLC*, 11th Dist. Portage No. 2015-T-0036, 2015-Ohio-2903, ¶8, quoting Civ.R. 54(B) (citations omitted).

{¶16} The order granting summary judgment and entering a decree in foreclosure were in the same order and contained the above Civ.R. 54(B) language; therefore, appellant only had until June 8, 2015, to file an appeal. *See* App.R. 4(A). Instead of filing a direct appeal, appellant waited until March 30, 2016, to file a Civ.R. 60(B) motion, requesting the trial court set aside the May 7, 2015 judgment. The Civ.R.

5

60(B) motion essentially attacked (1) the standing of appellee to file suit and (2) the sufficiency of the affidavit and evidence that formed the basis for the trial court's grant of summary judgment. Both of those issues could have been, and should have been, raised in a direct appeal from the May 7, 2015 judgment.

{¶17} Appellant did not appeal the May 7, 2015 judgment and is using Civ.R. 60(B) as a vehicle to launch a collateral attack on that judgment. However, the doctrine of res judicata prevents a party from using a Civ.R. 60(B) motion to "obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶15. Therefore, appellant's arguments are barred by res judicata. *Id.* at ¶16.

{¶18} Furthermore, the trial court's May 7, 2015 judgment is not void ab initio. A judgment is void where the court lacks subject-matter jurisdiction over the case. *Wagenbrenner v. Wagenbrenner*, 10th Dist. Franklin No. 10AP-933, 2011-Ohio-2811, ¶11 (citation omitted). A void judgment is a legal nullity that can be collaterally attacked and is not subject to the doctrine of res judicata. *Id.* In contrast, a voidable judgment is rendered by a court with jurisdiction, but the judgment is irregular or erroneous. *Id.* (citations omitted). A voidable judgment has the same effect as a proper legal order unless it is challenged through a direct appeal on the merits. *Id.* (citation omitted).

{¶19} A court that has subject-matter jurisdiction over an action does not lose that jurisdiction because a party to the action lacks standing. *Kuchta, supra,* at ¶17. Therefore, a lack of standing cannot be used to collaterally attack a judgment. *Id.* at ¶25. In *Kuchta*, the Ohio Supreme Court stated:

> Standing is certainly a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a

6

court—even a court of competent subject-matter jurisdiction—over the party's attempted action. But an inquiry into a party's ability to *invoke* a court's jurisdiction speaks to jurisdiction over a particular case, not subject-matter jurisdiction.

\* \* \*

\* \* \* Accordingly, Bank of America's alleged lack of standing to initiate a foreclosure action against the Kuchtas would have no effect on the subject-matter jurisdiction of the [trial court] over the foreclosure action.

\* \* \*

We hold that the Kuchtas did not establish that the judgment entered by the [trial court] was void ab initio[.]

*Id.* at ¶22-24 (emphasis sic) (internal citations omitted).

**{¶20}** Here, the trial court had subject-matter jurisdiction over appellee's action in foreclosure. *See id.* at ¶20 (stating that actions in foreclosure are within the subject-matter jurisdiction of courts of common pleas). Appellee's alleged lack of standing did not deprive the trial court of its subject-matter jurisdiction. Any alleged error in the court's exercise of its jurisdiction as claimed by appellant would be voidable rather than void and would, therefore, have to be addressed on direct appeal rather than collaterally through a Civ.R. 60(B) motion. *See id.* at ¶19.

**{¶21}** Even if appellant's arguments were not barred by res judicata, the trial court did not abuse its discretion when it denied his Civ.R. 60(B) motion as being untimely.

**{¶22}** Pursuant to Civ.R. 60(B), a motion for relief from judgment based on subsections (4) and (5) must be brought "within a reasonable time." The trial court entered the judgment granting appellee's motion for summary judgment and ordering the decree in foreclosure on May 7, 2015. More than ten months later, after the

7

confirmation of sale and distribution of proceeds had already been entered, appellant filed his Civ.R. 60(B) motion to set aside the May 7, 2015 judgment. The trial court denied appellant's Civ.R. 60(B) motion, stating it was untimely filed. In his motion, appellant stated he was entitled to relief under Civ.R. 60(B)(4) and (5), but failed to demonstrate that his motion was filed within a reasonable time. On appeal, appellant similarly fails to demonstrate that his motion was filed within a reasonable time and provides no explanation for the ten-month delay. The trial court, therefore, did not abuse its discretion in denying appellant's Civ.R. 60(B) motion.

{¶23} Appellant's assignments of error are without merit.

{¶24} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.

8