[Cite as *State ex rel. Yost v. D&L Ferguson, L.L.C.*, 2025-Ohio-1307.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

STATE OF OHIO, EX REL. DAVE YOST, OHIO ATTORNEY GENERAL

Plaintiff,

v.

D & L FERGUSON, LLC, ET AL.,

Defendants-Appellees,

v.

EAU PROCESSING, LLC, ET AL.,

Third-Party Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 HA 0008**

---

Civil Appeal from the
Court of Common Pleas of Harrison County, Ohio
Case No. CVH 2019-0072

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lisa K. Ferguson*, for Defendants-Appellees and

*Atty. Stuart A. Strasfeld* and *Atty. David S. Barbee,* Roth, Blair, Roberts, Strasfeld & Lodge, L.P.A., for Third-Party Defendants-Appellants.

Dated: April 7, 2025

**DICKEY, J.**

**{¶1}** Appellants, EAU Processing, LLC ("EAU") and its sole member and manager, John Ackworth ("Ackworth"), appeal from the August 22, 2024 judgment of the Harrison County Court of Common Pleas entering judgment in favor of Appellee, D & L Ferguson, LLC ("D & L Ferguson"), in the amount of $250,490.24 and against Ackworth following a bench trial. On appeal, Appellants assert the trial court: (1) erred in finding Ackworth personally liable for the obligations of EAU; (2) erred in amending its July 17, 2024 judgment entry; and (3) erred in calculating the amount of damages. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On June 18, 2019, the State of Ohio filed a complaint against Appellees, D & L Ferguson, Derrick Ferguson, and Lisa Ferguson alleging they unlawfully stored millions of gallons of brine water from oil field drilling activities at an abandoned water recycling facility located at 43031 Industrial Park Drive, Cadiz, Harrison County, Ohio ("Site"), which property is owned by D & L Ferguson. The complaint further alleged Appellees failed to comply with the applicable provisions of the Ohio Revised Code regulating the storage of brine and failed to comply with orders from the Chief of the Division of Oil and Gas Resources at the Ohio Department of Natural Resources ("Division" or "ODNR") to cease operations and remove all brine and other waste substances from the Site.

**{¶3}** On March 16, 2020, Appellees filed a third-party complaint against Appellants, EAU and Ackworth. The third-party complaint alleged EAU failed to perform under the Water Treatment Asset Purchase Agreement ("Purchase Agreement"), dated February 20, 2018. The Purchase Agreement was signed by Derrick Ferguson (Title: Managing Member of D & L Ohio Rentals LLC, Seller) and by John Ackworth (Title: Manager of EAU, Buyer).

**{¶4}** Under the Purchase Agreement for equipment and removal of waste water, D & L Ohio Rentals LLC (Seller) agreed to "sell, assign, transfer, convey, and deliver" to

Case No. 24 HA 0008

EAU (Buyer) all of the water treatment system assets located at the Site for a purchase price of $400,000. (Exhibit B, 2/20/2018 Purchase Agreement, p. 1). EAU received all assets constituting the water treatment system and was to complete waste water cleanup. On March 6, 2018, D & L Ohio Rentals subsequently assigned the Purchase Agreement to D & L Ferguson, another one of its companies, and directed EAU "to complete the contractual obligations[.]" (Exhibit 5).

{¶5}   Although the Purchase Agreement was entered into on February 20, 2018, the Articles of Organization of EAU were not filed with the Ohio Secretary of State until March 14, 2018. Thus, Appellees further alleged in their third-party complaint that Ackworth was personally liable for the acts and omissions of EAU based upon a theory of piercing the corporate veil and that Ackworth exercised such control over EAU that "the corporate mind has no separate mind, will, or existence of its own[.]" (3/16/2020 Appellees' Third-Party Complaint, p. 14).

{¶6}   A bench trial ultimately commenced on May 22, 2024. Derrick Ferguson, Lisa Ferguson, and Ackworth all testified and 29 exhibits were admitted. Appellants had knowledge they would have to remove the waste water, the water was contaminated, and ODNR would have to approve a removal plan. However, Appellants never removed the waste water. Rather, Appellees removed the waste water at their own expense.

{¶7}   Through invoices and testimony, Appellees established that the cost for the removal of the waste water was $250,490.24. *See* (Exhibit 3). Appellees argued that Ackworth was personally liable for the reimbursement of clean up costs under Paragraph 12 of the Purchase Agreement, which states:

> 12. **Duly Authorized**. Each signatory hereto represents that such signatory is duly authorized and empowered to execute and deliver this Agreement in the name and on behalf of the applicable party on whose behalf such signatory has executed this Agreement. *Each signatory hereto is signing individually and on behalf of the limited liability company.*

(Emphasis added). (Exhibit B, 2/20/2018 Purchase Agreement, p. 3).

{¶8}   At the bench trial, it was revealed that D & L Ferguson had leased the Site to Somerset Regional Water Resources, LLC ("SRWR"). SRWR had been working with

ODNR to build a water treatment facility at the Site. SRWR intended to operate a business to recycle and process brine and oilfield waste. SRWR filed bankruptcy in late 2015. ODNR had issued a permit to SRWR to store waste water at the Site prior to the completion of the water treatment facility. After the bankruptcy was filed, the bankruptcy trustee allowed waste water to be stored at the Site. During the bankruptcy proceedings, the trustee was attempting to sell the assets and abandon the waste water.

{¶9} In October 2016, D & L Ferguson purchased the water treatment facility for $150,000 in an effort to regain control of the Site. On November 14, 2016, ODNR issued Order No. 2016-381 to D & L Ferguson ordering it to cease operations at the Site and remove all brine and other waste substances by December 13, 2016. In response to a request made by Derrick Ferguson, ODNR issued Order No. 2016-402 which modified Order No. 2016-381 to require D & L Ferguson to remove all brine and other waste substances from the Site within 45 days. D & L Ferguson subsequently appealed Order No. 2016-402 to the Ohio Oil and Gas Commission ("Commission").

{¶10} On September 8, 2017, the Commission affirmed Order No. 2016-402 holding that it was lawful and reasonable. Thereafter, D & L Ferguson appealed to the Franklin County Court of Common Pleas which affirmed the Commission's decision on May 5, 2018.

{¶11} Ackworth was experienced in the oil and gas industry and owned trucks that could haul waste water. Ackworth was the sole member of Liquid Waste Solidification, LLC ("Liquid Waste"), an Ohio limited liability company. Liquid Waste engaged in the business of the solidification of nonhazardous waste. Ackworth was interested in acquiring a water treatment plant to expand the services of Liquid Waste. Ackworth was aware of the equipment owned by Appellees. Ackworth contacted Appellees in February 2018 to purchase the equipment from the water treatment facility. Ackworth drove to the Site to see the equipment.

{¶12} Before entering into the Purchase Agreement, Ackworth was told by Derrick Ferguson that Appellees had been working with another interested party willing to pay $600,000 for the equipment. However, Appellees decided to sell to Ackworth because he agreed to remove the waste water as part of the consideration for the purchase of the

equipment. Due to Ackworth's background and experience, Derrick Ferguson believed Ackworth was capable of getting the waste water removed.

{¶13} Appellants took the water treatment equipment from the Site but failed to complete the waste water removal. In June 2019, over a year after entering into the Purchase Agreement, the waste water had not been removed by Appellants. Because of this breach, the State of Ohio filed a complaint against Appellees. Thereafter, Appellees attempted to reach a resolution before filing the third-party complaint against Appellants.

{¶14} Paragraph four of the Purchase Agreement, "4. **Waste Water Clean-Up**," gives the parties a period "(which shall not exceed ninety (90) days) [from February 20, 2018] for removing the waste water[.]" (Exhibit B, 2/20/2018 Purchase Agreement, p. 2).

{¶15} Again, the Articles of Organization of EAU were not filed with the Ohio Secretary of State until March 14, 2018, almost one month after the parties entered into and signed the Purchase Agreement. On April 23, 2018, Appellants submitted an application to the Ohio Environmental Protection Agency ("EPA") to discharge wastewater from the Site. Ackworth also arranged for a meeting at the Site "within two weeks of [his] 90 days being up." (5/22/2024 Bench Trial Tr., p. 222). Ackworth, Derrick Ferguson, Scott Foster, Beth Pratt, and others from the EPA and ODNR were present at the meeting. An analytical report of the waste water was prepared by Test America Laboratories, Inc, revealing it was contaminated. Derrick Ferguson was aware that EAU had applied to the EPA for approval to discharge. Ackworth testified he sold the equipment for $250,000.

{¶16} On July 17, 2024, the trial court found in favor of D & L Ferguson in the amount of $250,490.24 and against EAU. The court did not enter a judgment as to Ackworth. Thus, that judgment is not a final appealable order as it does not comply with the dictates of Civ.R. 54(B). Specifically, the court held:

> The Court finds the buyer entered an agreement to purchase the assets and remove the waste water from the tanks and containment field. The buyer had knowledge and notice that 1) the water was contaminated provided by the Test America report and 2) the removal would have to be approved by ODNR.
>
> . . .

Case No. 24 HA 0008

The buyer was in the oil and gas industry business already, was purchasing waste water facility cleaning equipment and had trucks to remove water and sludge in an ancillary business. The Court is satisfied that EAU came into the contract with eyes wide open to the fact that they would have to remove the waste water, that the water was contaminated and that ODNR would have to approve a removal plan.

. . .

As such the [Court] finds that buyer breached the contract by not removing the waste water from the holding tanks and contamination field as contracted. The Court finds that buyer failed to cooperate in the formation of a plan acceptable to ODNR with the seller and as a result of the inaction of buyer, seller incurred monetary damages.

(7/17/2024 Judgment Entry, p. 3-5).

{¶17} Because the July 17, 2024 judgment is not a final appealable order, a motion for reconsideration and a motion under Civ.R. 60(B) were unnecessary. Nevertheless, on August 6, 2024, Appellees filed a "Motion for Reconsideration More Definitive Judgment" arguing that Ackworth should be held personally liable. On August 7, 2024, Appellants filed a response indicating that Appellees failed to cite any Civil Rule or legal authority.

{¶18} On August 19, 2024, Appellees filed a "Motion Under Civil Rule 60 for Clarification or Amendment of the Judgment." Appellees requested the trial court "to Amend the Judgment to include a Final Order as to Third-Party Defendant John Ackworth" on the grounds that Ackworth was "named individually on the Complaint, but the Court's Judgment Entry did not address him," even though evidence was presented at trial with regards to Ackworth personally (8/19/2024 Appellees' Civ.R. 60 Motion, p. 1). Appellants filed a response two days later arguing that Appellees failed to cite any grounds for relief under Civ.R. 60.

{¶19} On August 22, 2024, the trial court filed another judgment amending its prior July 17, 2024 judgment entry to address the liability of Ackworth. Specifically, the court

found in favor of D & L Ferguson in the amount of $250,490.24 and against Ackworth, thereby constituting a final appealable order.

**{¶20}** Appellants filed a timely appeal and raise three assignments of error.

## STANDARD OF REVIEW

**{¶21}** The trial court conducted a bench trial in this case.

"The civil manifest weight of the evidence standard provides that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." [*Gaylord v. Frazzini*, 2010-Ohio-6385, ¶ 10 (7th Dist.),] citing *State v. Wilson*, 2007-Ohio-2202, ¶ 24, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. "The reviewing court is obliged to presume that the findings of the trier of fact are correct." *Gaylord* at ¶ 11, citing *Foley*, syllabus, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984).

*Johnson v. Sailor*, 2025-Ohio-212, ¶ 51 (7th Dist.).

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN FINDING APPELLANT, JOHN ACKWORTH, PERSONALLY LIABLE FOR THE OBLIGATIONS OF APPELLANT, EAU PROCESSING, LLC.**

**{¶22}** In their first assignment of error, Appellants argue the trial court erred in finding Ackworth personally liable for the obligations of EAU.

**{¶23}** "'In construing any written instrument, the primary and paramount objective is to ascertain the intent of the parties.'" *Kar v. TN Dental Mgmt., LLC*, 2024-Ohio-6075, ¶ 39 (7th Dist.), quoting *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989). Generally, a party signing a contract as a corporate officer is not individually liable. *See West Shell Commercial, Inc. v. NWS, L.L.C.*, 2007-Ohio-460, ¶ 8 (12th Dist.). Corporate officers have sometimes been held personally liable for a contract

if they signed the contract "in a way that indicates personal liability." *Spicer v. James*, 21 Ohio App.3d 222, 223 (2d.Dist.1985).

**{¶24}** An exception to the general limited liability rule allows the corporate form to be disregarded and the corporate veil pierced in order to reach the assets of the corporation's individual shareholders, officers, and directors. *Premier Therapy, LLC v. Childs*, 2016-Ohio-7934, ¶ 58 (7th Dist.), citing *Belvedere Condo. Unit Owners' Assn. v. R.E. Roark Cos., Inc.,* 67 Ohio St.3d 274, 287 (1993). Piercing the veil is considered "a rare exception," with "limited liability" for shareholders, officers, and directors being "the rule." *Premier Therapy* at ¶ 58, citing *Dombroski v. WellPoint, Inc.*, 2008-Ohio-4827, ¶ 26.

> There are three mandatory elements to pierce the corporate veil: (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own; (2) the control by those to be held liable was exercised in such a manner as to commit fraud, an illegal act, or a similarly unlawful act; and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Dombroski*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538 at ¶ 18, 27, 29 (adding "similarly unlawful act" to the second prong), modifying *Belvedere* [*, supra*].

> When determining whether to pierce the corporate veil, each case is viewed sui generis, on its own facts. *State ex rel. DeWine v. S & R Recycling, Inc.,* 195 Ohio App.3d 744, 2011-Ohio-3371, 961 N.E.2d 1153, ¶ 29 (7th Dist.). Appellate review of a decision to pierce the corporate veil typically entails a review of whether competent, credible evidence supports the fact-finder's decision. *Id.*

*Premier Therapy* at ¶ 59-60.

> Because piercing the corporate veil is primarily a matter for the trier of fact, an appellate court will not reverse a decision to pierce the corporate veil if some competent, credible evidence supports the determination. [*Denny v. Breawick, LLC*, 2019-Ohio-2066,] at ¶ 20 [(3d Dist.),] citing *Snapp v.*

*Castlebrook Builders, Inc.*, 2014-Ohio-163, 7 N.E.3d 574, ¶ 85 (3rd Dist.) quoting *State ex rel. DeWine v. S & R Recycling, Inc.*, 195 Ohio App.3d 744, 2011-Ohio-3371, 961 N.E.2d 1153, ¶ 29 (7th Dist.). *Bates v. Rose*, 6th Dist. Wood No. WD-16-068, 2017-Ohio-7977, 2017 WL 4334178, ¶ 26; *Longo Constr., Inc. v. ASAP Tech. Serv., Inc.*, 140 Ohio App.3d 665, 748 N.E.2d 1164 (8th Dist. 2000); *Clinical Components, Inc. v. Leffler Industries, Inc.*, 9th Dist. No. 95CA0085, 1997 WL 28246, *3 (Jan. 22, 1997).

*Binsara, LLC v. Bolog*, 2019-Ohio-4040, ¶ 39 (5th Dist.).

**{¶25}** As stated, on July 17, 2024, the trial court found in favor of D & L Ferguson in the amount of $250,490.24 and against EAU only, with silence as to Ackworth. Because the court did not rule on all parties and all claims listed in the complaint, that judgment is not a final appealable order as it does not comply with the dictates of Civ.R. 54(B). Although unnecessary, Appellees first filed a "Motion for Reconsideration More Definitive Judgment" and subsequently filed a "Motion Under Civil Rule 60 for Clarification or Amendment of the Judgment." On August 22, 2024, the trial court filed another judgment amending its prior July 17, 2024 judgment entry and finding in favor of D & L Ferguson in the amount of $250,490.24 and against Ackworth, thereby constituting a final appealable order.

**{¶26}** In Appellees' third-party complaint, "**COUNT IV: PIERCING THE CORPORATE VEIL Against John Ackworth**," Appellees alleged, in part:

43. At all times relevant to the Third-Party Complaint, Ackworth exercised such control over EAU Processing that the corporate mind had no separate mind, will, or existence of its own.

44. At all times relevant to the Third-Party Complaint, EAU Processing was Ackworth's alter ego such that the company and Ackworth are fundamentally indistinguishable.

45. At all times relevant to the Third-Party Complaint, Ackworth's control over EAU Processing was exercised in a manner to commit fraud,

illegal acts, and/or other wrongdoings against Third-Party Plaintiffs as set forth in the Third-Party Complaint.

46. Upon information and belief, Ackworth has attempted to evade liability for the acts he has committed through EAU Processing by causing to be filed a dissolution of the company on April 15, 2019.

47. Ackworth, through his unjust acts, has caused damages to Third-Party Plaintiffs in excess of $25,000.00, and Third-Party Plaintiffs must be permitted to pierce the corporate veil to hold Ackworth directly liable in this matter.

(3/16/2020 Appellees' Third-Party Complaint, p. 19-20).

**{¶27}** Also, in Ackworth's August 16, 2021 deposition, taken on cross-examination by Appellees' counsel, questions were asked in an attempt to pierce the corporate veil to find Ackworth personally liable for the obligations of EAU.  Appellees further argued at the bench trial that Ackworth was personally liable under Paragraph 12 of the Purchase Agreement, which again states:

12. **Duly Authorized**. Each signatory hereto represents that such signatory is duly authorized and empowered to execute and deliver this Agreement in the name and on behalf of the applicable party on whose behalf such signatory has executed this Agreement. *Each signatory hereto is signing individually and on behalf of the limited liability company*.

(Emphasis added). (Exhibit B, 2/20/2018 Purchase Agreement, p. 3).

**{¶28}** Appellants did not object to the introduction of Paragraph 12 of the Purchase Agreement at the bench trial.  It was not until the post-trial brief of Appellants that the issue of amending the complaint was raised.  The trial court rejected this argument in its August 22, 2024 judgment, stating:

Third-Party Defendants assert prejudice due to the introduction of allegations of John Ackworth's personal liability at trial, which John Ackworth claims was not included in the pleadings. However, even if

Case No. 24 HA 0008

Defendants' allegations were true, this argument overlooks the fact that implied consent to litigate an issue can be established through the conduct of the parties during trial. The introduction of evidence was a direct response to the defense's attempt to avoid liability by asserting corporate protections. Third-Party Plaintiffs' failure to amend the pleadings does not warrant denial where the issues were thoroughly explored during trial and where the defense had ample opportunity to address the arguments.

(8/22/2024 Judgment Entry, p. 2).

{¶29} Civ.R. 15(B) allows pleadings to be constructively amended to conform to the evidence. Appellees' third-party complaint put Ackworth on notice of personal liability.

{¶30} Again, the Purchase Agreement was dated February 20, 2018 and entered into between D & L Ohio Rentals LLC, an Ohio limited liability company (Seller) and EAU, an Ohio limited liability company (Buyer). The Purchase Agreement was signed by Derrick Ferguson (Title: Managing Member of D & L Ohio Rentals LLC, Seller) and by John Ackworth (Title: Manager of EAU, Buyer).

> "'Generally, a party signing a contract as a corporate officer is not individually liable. . . . Whether a corporate officer is personally liable upon a contract depends upon the form of the promise and the form of the signature.'" *Baltes Commercial Realty v. Harrison*, 2d Dist. Montgomery No. 23177, 2009-Ohio-5868, 2009 WL 3683681, ¶ 54, quoting *Spicer* [*, supra* at] 223. . . .

> . . . "[T]he typical format to avoid individual liability is company name, individual's signature, individual's position." *John D. Smith Co.,* 2d Dist. Greene No. 2019-CA-65, 2020-Ohio-3985, 2020 WL 4557015, at ¶ 40, quoting *The Big H, Inc. v. Watson*, 1st Dist. Hamilton No. C-050424, 2006-Ohio-4031, 2006 WL 2241687, ¶ 7, citing *Aungst v. Creque*, 72 Ohio St. 551, 556, 74 N.E. 1073 (1905) and *Ohio Natl. Bank v. Cook*, 38 Ohio St. 442, 444 (1882). "Previous decisions have found individual liability when a party signs a contract without stating that the party is signing in his (or her)

corporate capacity for a corporation." *Ikerd Scuba Ents., L.L.C. v. Lakes*, 2d Dist. Montgomery No. 25704, 2014-Ohio-533, 2014 WL 586241, ¶ 12.

*Lexis Nexis, a Div. of Relx Inc. v. Murrell*, 2022-Ohio-550, ¶ 45-46 (2d Dist.); *see also Hursh Builders Supply Co., Inc. v. Clendenin*, 2002-Ohio-4671, ¶ 21 (5th Dist.) ("The signature itself represents a clear indication that the signator is acting as an agent if; (1) the name of the principal is disclosed, (2) the signature is preceded by words of agency such as 'by' or 'per' or 'on behalf of', and (3) the signature is followed by the title which represents the capacity in which the signator is executing the document, e.g., 'Pres.' or 'V.P.' or 'Agent.'") (Citations omitted).

**{¶31}** The last page of the Purchase Agreement provides:

**<u>SELLER:</u>**

D & L Ohio Rentals LLC

By: [Derrick Ferguson's signature]

Name: Der[ric]k Ferguson

Title: Managing Member

**<u>BUYER:</u>**

EAU Processing, LLC

By: [John Ackworth's signature]

Name: John Ackworth

Title: Manager

(Exhibit B, 2/20/2018 Purchase Agreement, p. 4).

**{¶32}** Ackworth's signature appears to indicate that he is acting as an agent of EAU because: (1) the name of the principal is disclosed, "EAU Processing, LLC"; (2) Ackworth's signature is preceded by words of agency, in this case, "By"; and (3) Ackworth's signature is followed by the title which represents the capacity in which he is

<u>Case No. 24 HA 0008</u>

executing the document, "Title: Manager" of EAU.  *See Clendenin*, 2002-Ohio-4671, at ¶ 21 (5th Dist.).  However, the Purchase Agreement was dated February 20, 2018 but the Articles of Organization of EAU were not filed with the Ohio Secretary of State until March 14, 2018, almost one month later.  Thus, EAU was not legally in existence at the time the Purchase Agreement was entered into and signed by the parties.

**{¶33}** The record reveals that after the Purchase Agreement was signed by D & L Ohio Rentals LLC as seller and EAU as buyer, Appellees assigned the Purchase Agreement to another one of its companies, D & L Ferguson.  The assignment specifically directed EAU "to complete the contractual obligations[.]"  (Exhibit 5).  Ackworth indicated at the bench trial that it was not his intent to personally guarantee the obligations of EAU, a limited liability company.  However, the trial court properly found: "John Ackworth signed the purchase agreement. At the time of signing the Agreement EAU was not in existence. Therefore it is reasonable for this Court to conclude that John Ackworth intended to sign the Purchase Agreement in his individual capacity."  (8/22/2024 Judgment Entry, p. 2-3).

**{¶34}** Thus, because EAU did not legally exist at the time the Purchase Agreement was entered into and signed, Ackworth, EAU's sole member and manager, is personally liable for the obligations entered into under its name and is not shielded from liability.  *See* (Exhibit B, 2/20/2018 Purchase Agreement, Paragraph 12, p. 3).  Signing as duly authorized when a company is not even a legal entity constitutes fraud.  *Binsara, LLC v. Bolog*, 2019-Ohio-4040, ¶ 43-44 (Holding the appellants engaged in a fraudulent, illegal act, or similarly unlawful act when they entered into a contract through a company that was not a legal entity at the time of the contract).  EAU had no separate mind, will, or existence of its own as it was not even a legal entity at the time of the Purchase Agreement's formation.  Ackworth attempted to evade liability for the acts he committed through EAU by later causing to be filed a dissolution of the company.

**{¶35}** Appellants misconstrue the plain reading of the Purchase Agreement to claim that closing was not to take place until 90 days and that EAU had been properly organized before closing.  In fact, Paragraph Three of the February 20, 2018 Purchase Agreement clearly states: "3. **Closing**. Subject to the terms and conditions of this Agreement, the consummation of the transactions contemplated by this Agreement (the "**Closing**") shall take place via exchange of signed documents and the purchase money

on or before February 23, 2018." (Exhibit B, 2/20/2018 Purchase Agreement, Paragraph Three, p. 1). Thus, the closing was to take place no later than February 23, 2018. However, EAU was not a legal entity until March 14, 2018.

**{¶36}** Based on the facts presented and the record before us, Appellees established the *Belvedere* elements revealing that Ackworth could not hide behind the corporate veil as EAU was not a legal entity at the time the Purchase Agreement was entered into and signed by the parties. The trial court did not err in finding Ackworth personally liable for the obligations under the Purchase Agreement. The court's judgment is supported by competent, credible evidence and law.

**{¶37}** Appellants' first assignment of error is without merit.

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT PREJUDICIALLY ERRED IN AMENDING ITS JUDGMENT ENTRY OF JULY 17, 2024.**

**{¶38}** In their second assignment of error, Appellants contend the trial court erred in amending its July 17, 2024 judgment entry finding in favor of D & L Ferguson and against EAU.

**{¶39}** A trial court's decision on whether to allow the amendment of a pleading is reviewed for an abuse of discretion. *Clayton v. Zdrilich*, 1998 WL 30090, * 3 (7th Dist. Jan. 22, 1998), citing *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610 (1996). An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

> "[W]here there are multiple claims and/or parties involved, an entry entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that 'there is no just reason for delay[.]'" *W. Res. Port Auth. v. Range Resources–Appalachia, LLC*, 11th Dist. Portage No. 2015–T–0036, 2015–Ohio–2903, ¶ 8, quoting Civ.R. 54(B) (citations omitted).

*Nationstar Mortg. LLC v. Groves*, 2017-Ohio-887, ¶ 15 (11th Dist.).

**{¶40}** The trial court's July 17, 2024 judgment entry does not comply with the dictates of Civ.R. 54(B). The July judgment does not state "no just reason for delay" and only entered judgment against EAU. It is clear the underlying action involves multiple parties, EAU and Ackworth. If a party in a multi-party case is omitted from a judgment and there is no explicit adjudication regarding that party, the judgment is incomplete. *See, e.g., Dunlap v. Thompson*, 2002-Ohio-7171, ¶ 16 (7th Dist.).

**{¶41}** Following the July judgment, Appellees simply requested the trial court enter a judgment regarding Ackworth. Because "[t]he original [July] Judgment Entry failed to address the liability of Third-Party Defendant John Ackworth," the trial court properly filed an amended judgment on August 22, 2024 addressing Ackworth's liability, thereby constituting a final appealable order. (8/22/2024 Judgment Entry, p. 1). Specifically, the court entered judgment in favor of D & L Ferguson in the amount of $250,490.24 and against Ackworth. The court did not abuse its discretion in filing the August amended entry in order to address the liability of Ackworth.

**{¶42}** Appellants' second assignment of error is without merit.

**ASSIGNMENT OF ERROR NO. 3**

**THE TRIAL COURT ERRED IN CALCULATING THE AMOUNT OF DAMAGES AWARDED D & L FERGUSON LLC IN THE AMOUNT OF $250,490.24.**

**{¶43}** In their third assignment of error, Appellants allege the trial court erred in calculating damages awarded to D & L Ferguson in the sum of $250,490.24.

**{¶44}** Courts of appeal generally review a trial court's calculation of damages for an abuse of discretion. *See Warman v. Select Auto*, 2024-Ohio-366, ¶ 28 (2d Dist.).

**{¶45}** Paragraph 3(i) of the Purchase Agreement, "**Closing**[,]" states:

At the Closing, Seller shall deliver to Buyer the following:

i. a Bill of Sale duly executed by Seller, transferring the Purchased Assets to Buyer said bill of sale shall be subject to a lien on behalf of the Seller until the completion of the removal of the waste water as detailed in paragraph 4 and any repair necessary under paragraph 8 free and clear of

all third party liens and encumbrances. Seller shall promptly remove such lien upon the completion of the waste water clean-up and the repair of any damage caused to the Premises due to the removal of the equipment.

(Exhibit B, 2/20/2018 Purchase Agreement, Paragraph Three, p. 1).

{¶46} Regarding Paragraph 3(i) of the Purchase Agreement, in its August 22, 2024 judgment, the trial court held:

> Paragraph 3(i) of the Purchase Agreement created a lien in favor of the Third-Party Plaintiffs until the removal of the wastewater was completed. The wastewater was never removed from the property, and Third-Party Plaintiffs established that the cost for the removal of the wastewater was $250,490.24. At trial, John Ackworth testified that he sold the equipment for $250,000.00. Therefore, the Court enters Judgment in favor of Third-Party Plaintiffs in the amount of $250,000.00 under the security interest created by the lien.
>
> For the reasons set forth above, the Court enters Judgment in favor of D & L Ferguson, LLC in the amount of $250,490.24 against John Ackworth.

(8/22/2024 Judgment Entry, p. 3).

{¶47} The testimony from the bench trial revealed that the services of BJAAM Environmental, Inc. involved preparing a plan to submit to ODNR for the removal of waste water. The removal process could not proceed without first submitting such a plan. These services were properly included as part of the waste water removal process.

{¶48} Derrick Ferguson testified that he requested Ackworth to remove the waste water from the Site but Ackworth refused. Ackworth claimed he offered to do the removal for $50 to $55 an hour per truck. Appellees included the "Transaction Detail By Account" from D & L Ferguson for the cost of the removal of the waste water. (Exhibit 3). The Transaction Detail consists of three pages and specifically lists each invoice by date, name, class, and dollar amount. *See* (*Id.*). Derrick Ferguson revealed he presented the majority of the invoices admitted at trial to Appellants' attorneys during settlement

negotiations and indicated the reasonableness of the invoices was not questioned. Appellants also did not challenge the reasonableness of the water transport bills during trial. Although Ackworth claimed some equipment was missing, no evidence was provided as to its value.

**{¶49}** Paragraph 3(i) of the Purchase Agreement created a lien in favor of Appellees until the removal of the waste water was completed. The record reveals the waste water was never removed from the property. Appellees established that the cost for the removal of the waste water was $250,490.24. *See* (Exhibit 3). Ackworth testified at the bench trial that he sold the equipment for $250,000.00.

**{¶50}** The trial court determined, "The damages are limited to the waste water removal incurred by seller only and does not include removal of solids." (7/17/2024 Judgment Entry, p. 5). The court, having observed the presentation of the invoices and the related testimony, was in the best position to calculate and award damages, in this case for $250,490.24. *See* (Exhibit 3); *Miller v. Lindsay-Green, Inc.*, 2005-Ohio-6366, ¶ 78 (10th Dist.), citing *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 655 (1994) ("an appellate court must be mindful that the trial court is in the best position to determine whether a damages award is excessive.") Accordingly, we find no abuse of discretion.

**{¶51}** Appellants' third assignment of error is without merit.

### CONCLUSION

**{¶52}** For the foregoing reasons, Appellants' assignments of error are not well-taken. The August 22, 2024 judgment of the Harrison County Court of Common Pleas entering judgment in favor of D & L Ferguson in the amount of $250,490.24 and against Ackworth following a bench trial is affirmed.


Waite, J., concurs.

Hanni, J., concurs.


Case No. 24 HA 0008

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Harrison County, Ohio, is affirmed. Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**